Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

APRIL 28, 2011
WILLIAM M. McCOOL, Clerk
By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11 5233 RBL |
| Plaintiff, | |
| v. | INDICTMENT |
| ROY ALLOWAY, | |
| Defendant. | |

The grand jury charges that:

## COUNT 1
### (Unlawful Dealing in Firearms)

1. Beginning at a time unknown, but within the last five years, and continuing until on or about November 15, 2010, within the Western District of Washington, and elsewhere, ROY ALLOWAY did willfully engage in the business of dealing firearms without a license.

**Object of the Offense**

2. The object of the offense was to purchase and resell firearms for a profit, while avoiding the record keeping, reporting, and other requirements imposed on a Federal Firearms Licencee.

INDICTMENT/ALLOWAY - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**Manner and Means in the Commission of the Offense**

At all times material to this Indictment, ROY ALLOWAY used the following manner and means to commit this offense.

3. ROY ALLOWAY would engage in the business of dealing firearms, that is, he purchased, received, transported, sold, and delivered numerous firearms without being properly licensed to do so.

4. The primary locations at which the Defendant unlawfully engaged in the business of dealing firearms were various guns shows within the Western District of Washington, where he displayed, advertised, and sold firearms from his inventory.

5. ROY ALLOWAY would purchase firearms from Federal Firearms Licensees (FFLs) and private individuals in the area with the intent to resell the firearms to others for a profit. His acquisition of firearms included approximately 224 handguns he has purchased from an FFL in Tacoma, Washington, and an FFL in Bremerton, Washington, between January 2005 and November 2010. He also purchased approximately 163 firearms between November 2006 and May 2010 from an FFL in Shelton, Washington.

6. The Defendant engaged in the business of dealing firearms without complying with the requirements imposed on FFLs. For example, the Defendant did not have purchasers fill out ATF form 4473, which allows law enforcement agencies to trace the ownership of a particular firearm.

**Acts During the Commission of the Offense**

At all times material to this Indictment, ROY ALLOWAY committed the following acts, among others, during the commission of this offense.

7. On or about July 18, 2009, ROY ALLOWAY attended a gun show in Centralia, Washington, where he displayed numerous handguns and rifles for sale. While at the gun show, ALLOWAY sold one Springfield Armory, model XD, .45 caliber semi-automatic pistol and one Walther, model P22, .22 caliber semiautomatic pistol for a total

of $775.00 to an undercover agent from the Bureau of Alcohol, Tobacco and Firearms (ATF).

8. On October 24, 2009, ROY ALLOWAY attended a gun show in Puyallup, Washington, where he displayed multiple handguns and rifles for sale. While at the gun show, ALLOWAY sold a Glock handgun for $550.00 to an undercover ATF agent.

9. On or about November 14, 2009, ROY ALLOWAY attended a gun show in Puyallup, Washington, where he displayed multiple firearms for sale. While at the gun show, ALLOWAY sold one Keltec, model PLR-16, 5.56/.223 caliber handgun for $550.00 to an undercover ATF agent.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A).

## ASSET FORFEITURE ALLEGATION

The allegations in Counts 1 of the Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Section 922, the Defendant, ROY ALLOWAY shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to the following:

1. All firearms and ammunition acquired, possessed, and distributed during the commission of the offenses; and

2. All firearms and ammunition seized from the Defendant's residence on November 18, 2010.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

1        a.     cannot be located upon the exercise of due diligence;

2        b.     has been transferred or sold to, or deposited with, a third party;

3        c.     has been placed beyond the jurisdiction of the Court;

4        d.     has been substantially diminished in value; or

5        e.     has been commingled with other property which cannot

6                be subdivided without difficulty,

7 it is the intent of the United States, pursuant to Title 21, United States Code,

8 Section 853(p), to seek the forfeiture of any other property of the Defendants up to the

9 value of the above-described forfeitable properties.

A TRUE BILL:

DATED:

Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.

_____
FOREPERSON

_____
JENNY A. DURKAN
United States Attorney

_____
TODD GREENBERG
Assistant United States Attorney

_____
BRUCE MIYAKE
NICHOLAS W. BROWN
Assistant United States Attorneys

INDICTMENT/ALLOWAY - 4