Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br><br>ROY ALLOWAY,<br><br>　　　　　　　Defendants. | )<br>)<br>)  NO. CR11-5233RBL<br>)<br>)  DEFENDANT ROY ALLOWAY'S<br>)  MOTION FOR BRADY MATERIAL;<br>)  ER 404(b); AND DISCOVERY;<br>)  MEMO IN SUPPORT<br>)<br>)  NOTED: 2 September 2011<br>)<br>) |

MOTION

**COMES NOW Roy Alloway**, by and through counsel Robert Goldsmith, and pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and the reasons set forth below, moves for production of all *Brady* material; any Evid Rule 404(b) material, including nonconviction information, which may be used at trial, or in rebuttal; and a witness list under Local Rule 16(a)(L). This motion is based on the following memorandum in support.

Dated 23 Aug. 2011.　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　/s/ R. Goldsmith
　　　　　　　　　　　　　　　　　　　　　　　Robert Goldsmith, WSBA #12265
　　　　　　　　　　　　　　　　　　　　　　　Email: Bobgoldsmith2@juno.com
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Roy Alloway

**Motion for discovery**

　　　　　　　　　　　　　　　　　　　　　　　**ROBERT W. GOLDSMITH**
　　　　　　　　　　　　　　　　　　　　　　　*Attorney at law*
　　　　　　　　　　　　　　　　　　　　　　　705 Second Ave.
　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA  98104
　　　　　　　　　　　　　　　　　　　　　　　(206) 623-2800

## MEMORANDUM OF LAW

**STATEMENT OF FACTS AND CERTIFICATION PURSUANT TO LOCAL CrR 16(i)**

The defendant is charged in with one count of unlawful dealing in firearms without a federal firearms license in violation of 18 U.S.C. 922(a)(1)(A). On May 6, 2011, Mr. Alloway was arraigned on this one count indictment. The essence of that charge is that Mr. Alloway was running a firearms dealing business, as opposed to legally selling them as a collector or hobbyist. On June 23, 2011, undersigned counsel and the defendant attended a discovery conference at the ATF offices with AUSA's Miyake and Brown and several ATF agents. In a letter dated June 23, undersigned counsel made several discovery requests. Some of these requests were satisfied, but a second letter dated July 27, 2011 was sent. Then a third letter dated August 19, 2011, was sent reiterating the earlier requests. On the same day, the government responded. (Attached as Exhibit A.) As of today, the pretrial motion deadline, we have not received the ATF reports of other gun shows where Alloway was neither contacted nor bought from. The government has not provided any grand jury testimony as well nor a witness list.

## ARGUMENT

**THE GOVERNMENT MUST DISCLOSE *BRADY* MATERIAL AS SOON AS REQUESTED BY THE DEFENDANT.**

In *Brady v. Maryland*, 373 U.S. 83 (1963) the Court held that the prosecution violates the Due Process Clause when it fails to disclose material evidence favorable to the accused. The prosecution's duty extends to "negative exculpatory" material. That would include any and all reports or observations of government agents attending gun shows that do not mention Mr. Alloway. *See Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 833 (1978). Certainly, if the

**Motion for discovery**

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

government is going to prove that Mr. Alloway was running a business, the fact that he was either not at a particular gun show or did not sell any firearms at a gun show is negative exculpatory material, tending to undercut the government's allegation that he is running a business.

Generally, the government must disclose any witness statements which are favorable to the defendant, whether the statements are made by government agents, civilians or to a prosecuting attorney regardless of whether the statements are made orally or in writing. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968). Similarly, the government must provide any specific evidence which detracts from the credibility or probative value of testimony or evidence that is to be offered by the prosecution. *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965). This includes any promises of immunity or favorable treatment in this case or any other case to a government witness whether in writing or oral and whether or not the witness has or has not been charged. *Giglio v. United States*, 405 U.S. 150 (1972); *State v. Shaffer*, 789 F.2d 682 (9th Cir. 1986).

Specifically, any statements of a government witness which generally would not be required to be disclosed until after the witness has testified should be disclosed pretrial if they fall within the definition of *Brady* material. *See United States v. Male*, 864 F.2d 641 (9th Cir. 1988); *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988).

In sum, we ask this Court to order the government to produce all written material including notes of the agents whether the government intends to call them or not as well as other *Brady* material in its possession as outlined above. In a case where the alleged events occurred over a 5 year period., it is essential for the government to share all of its agents records of attending gun shows.

///

///

**Motion for discovery**

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

///

Dated Aug. 23, 2011.                    Respectfully submitted,

                                        /S/ ROBERT GOLDSMITH
                                        Robert Goldsmith, WSBA # 12265
                                        Attorney for Defendant
                                        Email: Bobgoldsmith2@juno.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of Aug., 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent electronically to the Assistant U.S. Attorneys, counsel of record for the Government, and counsel for codefendants.

DATED this 23rd day of Aug., 2011.

                                        _/s/ R. Goldsmith
                                        Robert Goldsmith,WSBA # 12265
                                        Email: Bobgoldsmith2@juno.com
                                        Attorney for defendant

**Motion for discovery**

                                        **ROBERT W. GOLDSMITH**
                                        *Attorney at law*
                                        705 Second Ave.
                                        Seattle, WA  98104
                                        (206) 623-2800