Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. CR11-5233RBL |
| Plaintiff, ) | |
| v. ) | DEFENDANT ALLOWAY'S |
| ) | REPLY TO GOVERNMENT'S |
| ) | RESPONSE TO MOTION |
| ) | TO SUPPRESS EVIDENCE |
| ROY ALLOWAY, ) | |
| Defendants. ) | |
| _____ ) | |

**COMES NOW Roy Alloway**, by and through counsel Robert Goldsmith, and files this reply to the Government's Response to our Motion to Suppress Evidence Seized During the Search Warrant (Doc # 25.)

Dated 8 Sept. 2011.                                         Respectfully submitted,


/s/ R. Goldsmith
Robert Goldsmith, WSBA #12265
Email: Bobgoldsmith2@juno.com
Attorney for Roy Alloway

///

**Reply for Motion to suppress - 1**

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-2800

## ARGUMENT
### 1. A SUBSTANTIAL PRELIMINARY SHOWING HAS BEEN MADE HERE.

In its response to our Motion to Suppress, the government continues to confuse actual facts the affidavit alleges with its presumptions and biases. In its description of the background facts, the government argues that due to "Roy Alloway's high volume of purchase and sale of guns," . . . (At pp. 1-2 of doc # 25.) In fact, the affidavit only shows a number of purchases, it does not specify a high volume of sales. The affidavit alleges a large number of guns *displayed* by Alloway, but only specifies three sales totaling four firearms from July 18, 2009 through November 18, 2009.

In addition, in its effort to support the search warrant, the government throws in irrelevant material found *after* the search was executed, that is, the notebook with four columns. (At p. 2.) It also brings up a "subsequent review of records." (At p. 10.) Presumably this supports the reckless misstatement about how much Alloway is paying for the firearms purchased from Renegade. These *post* search materials do not support the government's argument, and only serve as a distraction to the issue. It is as if the government is trying to justify the search warrant, by saying 'see we found incriminating evidence!' This is similar to saying that the discovery of drugs in the search bolsters the inadequacies of the original probable cause assertions. This argument runs counter to the 100 year old idea that improperly seized evidence cannot be used against a defendant. *See, Weeks* v. *United States*, 232 U.S. 383, 392 (1914)( held that in a federal prosecution the Fourth Amendment barred the use of evidence secured through an illegal search and seizure.)

The government tries to change the meaning of the misstatement in ¶58 that Alloway "knew his actions were "engaging in the business" and therefore needed a license" by arguing that "there is no question he knew that repetitive sales of firearms for a profit was illegal." (At p. 7.) That

**Reply for Motion to suppress - 2**

characterization does not change the import of the reckless misstatement that Alloway *knew his actions were engaging in the business*. In other words, the reckless misstatement implies to the Magistrate issuing the warrant either that the affiant has information about what is in Alloway's mind or that he confessed that *he knew he was in business.* Obviously the latter has never happened, but the reckless, misleading implication remains in the affidavit. Similarly, the government (at p. 7) tries to minimize the implication of the misstatement in ¶ 59 that Alloway said "some of the firearms were used but others were in "like new" condition." That phrasing clearly implies some of his firearms might have been new, even though Alloway explicitly told the agent that "his firearms were used." (See Exhibit D, doc # 23-4, p. 2 of 4.)

The government concedes that the affidavit omits all of the asking prices for the four firearms sales as well as the negotiations for lower prices and additional accessories, but argues it does not matter since he "was routinely at gun shows *offering* multiple guns for sale." (At p. 8, emphasis added.) Ironically, the government inadvertently concedes that there is no evidence of a high volume of sales in making this argument of *offering*. And, as pointed out before, collectors like to show off their collections. Just because he is displaying 30, 40 or more guns does not mean they were necessarily for sale.

More significantly, the government misses the point that the language in ¶¶58 and 59 and the omissions of the actual negotiations all slant the affidavit away from specific facts and tilt it toward a conclusion that he was in business. In like fashion the utter omission of the 12/5/2009 encounter where Alloway declined to sell by special order is another example of this tilting and is highly material despite the government's argument to the contrary. (At p. 8.) What is more, the government argues the persuasiveness of the observation that after selling a gun, Alloway replaced the empty spot on the table with another firearm. (At p. 9.) However, this is dubious, as previous paragraphs in the affidavit (¶ 60

**Reply for Motion to suppress - 3**

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

and ¶ 61) describe how Alloway shared tables with licensed firearms businesses and other private sellers. So there is no specific factual basis to determine how they knew anything about the ownership of the sold firearm much less the replacement weapon.

Although probable cause is not a 'high' standard, it does require some evidence of a crime. And here, it is decidedly not a crime to buy lot of guns and collect them. What makes it a crime is that a person is doing it for the "principal objective of livelihood and profit" without a license. So the government has to show that *before* it can invade the sanctity of a man's home. Here, all the government has after the omissions are added and the conjecture is stricken is this: four firearms sold in a four month period, the display of a gun collection of 30, 40 or 60 guns, attendance at gun shows and evidence of many gun purchases. That is not probable cause that Mr. Alloway was selling the four he sold as a business *unless* the government slants the evidence in the way it did in the affidavit for the search warrant.

### 2. THERE IS AN ADDITIONAL MISSTATEMENT IN THE AFFIDAVIT.

The last sentence of ¶ 68 of the affidavit reads: "I am not aware of any businesses that Alloway may be associated with where he could store firearms, documents, or business records pertaining to the sale or acquisition of firearms." After all the descriptions in ¶¶ 54-57 of the affidavit of the joint business efforts of Troy Wiktorek and Roy Alloway in Renegade Guns and Loans LLC, and then the further allegations of low cost purchases from Renegade in ¶ 68, it is hard to understand how the affiant could say this! With all of this alleged interconnectedness between Alloway and Renegade, that is the business (other than his home) where the documents, business records, and firearms might have been stored. So the question is why wasn't the warrant directed first to Renegade to search for Alloway's records, etc., instead of to his home—the Fourth Amendment's most protected location?

**Reply for Motion to suppress - 4**

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-2800

### 3. UNTIL THE GOVERNMENT PRODUCES AN AFFIDAVIT TO SUPPORT THE SECOND WARRANT FOR THE FIREARMS, THE FIREARMS SEIZURE IS INVALID.

The government has not yet produced an affidavit to support the issuance of the search warrant under MJ10-5194.  The Fourth Amendment commands that: "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be search, and the persons or things to be seized."  Without that affidavit, this Court must grant the motion to suppress the firearms.

## CONCLUSION

As we previously argued, we have set forth a sufficient factual basis for this Court to conduct a *Franks* hearing.  Once the Court eliminates the false and conjectural allegations and adds the omitted information, then it will conclude that the affidavit did not establish probable cause that Roy Alloway was selling firearms as a business.  Therefore, this Court should suppress all evidence seized from Alloway's home and property at 9468 Phillips Rd. SE, Port Orchard, WA, done on November 18, 2010, and all fruits thereof.  *Wong Sun v. U.S.*, 371 U.S. 471, 488 (1963).  As to what are the fruits of that search, we respectfully request further briefing if we get to that point.

DATED this 8th day of Sept., 2011

_/s/ R. Goldsmith_____
Robert Goldsmith, WSBA # 12265
Email: Bobgoldsmith2@juno.com
Attorney for defendant

**Reply for Motion to suppress - 5**

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 623-2800

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of Sept. 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorneys, counsel of record for the Government, and counsel for codefendants.

DATED this 8th day of Sept., 2011.

                _/s/ R. Goldsmith_____
                Robert Goldsmith, WSBA # 12265
                Email: Bobgoldsmith2@juno.com
                Attorney for defendant

**Reply for Motion to suppress - 6**