Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | ) | No. CR11-5233RBL |
|---|---|---|
| Plaintiff, | ) | **PLEA AGREEMENT** |
| v. | ) | |
| ROY ALLOWAY, | ) | |
| Defendant. | ) | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Bruce F. Miyake and Michael Lang, Assistant United States Attorneys for said District, Defendant, Roy Alloway, and his attorney, Robert Goldsmith, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.      **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

2.      **The Charges.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his pleas of guilty to the following charges contained in the Information:

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1         a.    **Unlawful Dealing of Firearms**, as charged in Count 1, in violation of Title

2 18, United States Code, Section 922(a)(1); and

3         b.    **Filing of a False Tax Return**, as charged in Count 2, in violation of Title

4 26, United States Code, Section 7206(1).

5      By entering these pleas of guilty, Defendant hereby waives all objections to the form of

6 the charging document. Defendant further understands that before entering his pleas of guilty,

7 he will be placed under oath. Any statement given by Defendant under oath may be used by the

8 United States in a prosecution for perjury or false statement.

9     **3.**     **Elements of the Offenses.**     The elements of the offenses to which

10 Defendant is entering a plea of guilty are as follows:

11     a.    Unlawful Dealing of Firearms, as charged in Count 1, in violation of Title 18,

12 United States Code, Section 922(a)(1)(A):

13          First, the defendant willfully engaged in the business of firearms dealing; and

14          Second, the defendant did not have a license as a firearms dealer.

15     b.    Filing of a False Tax Return, as charged in Count 2, in violation of Title 26,

16 United States Code, Section 7602(1):

17          First, the defendant made a tax return which was false as to a material matter;

18          Second, the tax return contained a written declaration that it was made under the

19 penalties of perjury;

20          Third, the defendant did not believe the tax return to be true and correct as to every

21 material matter; and

22          Fourth, the defendant acted willfully.

23     **4.**     **The Penalties.** Defendant understands that the statutory penalties for the offenses

24 to which he is pleading guilty are as follows:

25         a.    **Count 1- Unlawful Dealing in Firearms**: Imprisonment for up to five (5)

26 years of imprisonment, a fine of up to $250,000, a period of supervision following release from

27 imprisonment of up to three (3)years, and a special assessment of $100.

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  **b.**   **Count 2 - Filing of a False Tax Return:**   Imprisonment for up to three (3)
2  years, a fine of up to $100,000, a period of supervision following release from imprisonment of
3  up to two (2 ) years, and a special assessment of $100.

4  If Defendant receives a sentence of probation, the probationary period could be up to five
5  (5) years.  Defendant agrees that the special assessment shall be paid at or before the time of
6  sentencing.

7  Defendant understands that supervised release is a period of time following imprisonment
8  during which he will be subject to certain restrictions and requirements.  Defendant further
9  understands that if supervised release is imposed and he violates one or more of its conditions,
10 Defendant could be returned to prison for all or part of the term of supervised release that was
11 originally imposed.  This could result in Defendant's serving a total term of imprisonment greater
12 than the statutory maximum stated above.

13 Defendant understands that in addition to any term of imprisonment and/or fine that is
14 imposed, the Court may order him to pay restitution to any victim of the offense, as required by
15 law.  Defendant further understands that a consequence of pleading guilty may include the
16 forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result
17 of civil judicial or administrative process.

18 Defendant agrees that any monetary penalty the Court imposes, including the special
19 assessment, fine, costs, or restitution, is due and payable immediately and further agrees to
20 submit a completed Financial Statement of Debtor form as requested by the United States
21 Attorney's Office.

22 **5.**   **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading
23 guilty, he  knowingly and voluntarily waives the following rights:

24         a.        The right to plead not guilty and to persist in a plea of not guilty;
25         b.        The right to a speedy and public trial before a jury of his peers;
26         c.        The right to the effective assistance of counsel at trial, including, if
27 Defendant could not afford an attorney, the right to have the Court appoint one for him;
28

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines.**  Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | the parties or the United States Probation Department, or by any stipulations or agreements

2 | between the parties in this Plea Agreement; and

3 |       d.    Defendant may not withdraw a guilty plea solely because of the sentence

4 | imposed by the Court.

5 |       **7.**    **Ultimate Sentence.** Defendant acknowledges that no one has promised or

6 | guaranteed what sentence the Court will impose.

7 |       **8.**    **Forfeiture.** Pursuant to Title 18, United States Code, Section 924(d) and Title 28

8 | United States Code, Section 2461(c), Defendant agrees to forfeit all of his right, title, and

9 | interest in all firearms and ammunition involved in the commission of Count 1, ~~including, but~~

10 | ~~not limited to the following property (hereafter, collectively, the "Property")~~:

11 | ~~1.~~    BUSHMASTER FIREARMS XM15-E2S RIFLE CAL:223 SN:L495198;

12 | 2.    WINCHESTER 70XTR RIFLE CAL:25-06 SN:G1774646;

13 | 3.    NORINCO NORTH CHINA INDUSTRIES RIFLE CAL:762 SN:27017581;

14 | 4.    MOSSBERG 800 RIFLE CAL:243 SN:259899;

15 | 5.    WINCHESTER 70 XTR RIFLE CAL:338 SN:G2010300;

16 | 6.    SAVAGE 99 RIFLE CAL:243 SN:1064345;

17 | 7.    RUGER 10/22 RIFLE CAL:22 SN:126-65855;

18 | 8.    CENTURY ARMS INTERNATIONAL AK PISTOL CAL:762

19 | SN:AKP-C900219;

20 | 9.    ROMANIA AK47 RIFLE CAL:762 SN:S-8T1854;

21 | 10.    KEYSTONE SPORTING ARMS CRICKET RIFLE CAL:22 SN:69439;

22 | 11.    REMINGTON ARMS COMPANY, INC. 721 RIFLE CAL:30-06 SN:325037;

23 | 12.    OLYMPIC ARMS INC.(SGW ENTERPRISES & SAFARI ARMS) AR-15

24 | RIFLE CAL:223 SN:MX1366;

25 | 13.    REMINGTON ARMS COMPANY, INC. 870 SHOTGUN CAL:12

26 | SN:AB762970M;

27 | 14.    ROMARM/CUGIR RIFLE CAL:UNKNOWN SN:PI-00369-2002;

28 | 15.    RUGER M77 RIFLE CAL:338 SN:74-87897;

16.	RUGER REVOLVER CAL:44 SN:58-97951;

17.	RUSSIAN SKS RIFLE CAL:762 SN:CCCP56022;

18.	MAGNUM RESEARCH, INC. DESERT EAGLE PISTOL CAL:50 SN:37204326;

19.	REMINGTON ARMS COMPANY, INC. 799 RIFLE CAL:223 SN:ZA850700130;

20.	SAVAGE ENFIELD RIFLE CAL:303 SN:52C3487;

21.	SAVAGE 114 RIFLE CAL:7 SN:G605989;

22.	NORINCO (NORTH CHINA INDUSTRIES) SKS RIFLE CAL:762 SN:1603299;

23.	YUGOSLAVIA RIFLE CAL: 7.62 SN: I-295619;

24.	GERMAN SPORTS GUN GSG-5 RIFLE CAL:22 SN:A285493;

25.	VULCAN ARMS INC. V10 PISTOL CAL:45 SN:F5152;

26.	CENTURY ARMS INTERNATIONAL GOLANI RIFLE CAL:223 SN:GLN03085;

27.	MARLIN FIREARMS CO. 1894 RIFLE CAL:44 SN:17035326;

28.	RUGER M77 RIFLE CAL:338 SN:792-33480;

29.	BROWNING SHOTGUN CAL:12 SN:16403MW121;

30.	GERMAN SPORTS GUN GSG-5PK RIFLE CAL:22 SN:A290747;

31.	MARLIN FIREARMS CO. 25MN RIFLE CAL:22 SN:00389980;

32.	SMITH & WESSON SW40VE PISTOL CAL:40 SN:PBF5208;

33.	SWD M11/9 PISTOL CAL:9 SN:87-0003144;

34.	ISRAEL WEAPON IND-IWI (ISRAEL MILITARY IND-IMI) UZI PISTOL CAL:9 SN:H207;

35.	CALICO M100P PISTOL CAL:22 SN:G006832;

36.	SWD M12 PISTOL CAL:380 SN:12-0015565;

37.	HS PRODUCTS (IM METAL) XD40 PISTOL CAL:40 SN:US415725;

38.	GERMAN SPORTS GUN GSG-1911 PISTOL CAL:22 SN:A373743;

39.	SMITH & WESSON 460XVR REVOLVER CAL:460 SN:CJK9684;

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   40.   STERLING ARMS 400 PISTOL CAL:380 SN:B01052;

2   41.   HERBERT SCHMIDT REVOLVER CAL:357 SN:1012;

3   42.   SMITH & WESSON AIRWEIGHT REVOLVER CAL:38 SN:DAE2667;

4   43.   RUGER 10/22 RIFLE CAL:22 SN:255-91023;

5   44.   RUGER 10/22 RIFLE CAL:22 SN:240-48218;

6   45.   ROCK ISLAND ARMORY INC. (GENESEO, IL) 1903 RIFLE CAL:30-06

7   SN:373188;

8   46.   PLUMCRAZY FIREARMS C15 RIFLE CAL:556 SN:RM03856;

9   47.   HOWA 1500 RIFLE CAL:22-250 SN:B079181;

10   48.   RUGER M77 RIFLE CAL:458 SN:73-71705;

11   49.   MARLIN FIREARMS CO. 925M RIFLE CAL:22 SN:94630096;

12   50.   SAVAGE 93R17 RIFLE CAL:17 SN:0858466;

13   51.   SAVAGE 11 RIFLE CAL:300 SN:G700470;

14   52.   SPRINGFIELD FIREARMS CORPORATION, A303 RIFLE CAL:30-06

15   SN:NONE;

16   53.   RUGER M77 RIFLE CAL:300 SN:74-24016;

17   54.   BROWNING BAR RIFLE CAL:7 SN:107NV34274;

18   55.   BROWNING, model BUCKMARK, CAL: .22; SN: 515MW21001

19   56.   COLT, CAL: .38, SN: 241754

20   57.   GERMAN, model 08, CAL: 9 mm Makarov, SN: M2579; and,

21   58.   GLOCK, model 19, CAL: 9 mm, SN: PFL144.

22   Defendant agrees that he possessed the Property in violation of Title 18, United States

23   Code, Section 922(a)(1)(A), as set forth in Count 1 of the Indictment and that the Property is

24   therefore subject to forfeiture to the United States pursuant to Title 18, United States Code,

25   Section 924(d) and Title 28 United States Code, Section 2461(c). Defendant waives all interests

26   in and claims to the Property, and hereby consents to the forfeiture of the Property to the United

27   States. The forfeiture may be administrative, civil judicial, or criminal in the Government's sole

28   discretion. Defendant hereby waives, and agrees to the tolling of, any rule or provision of law

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 limiting the time for commencing, or providing notice of, any administrative or civil judicial

2 forfeiture proceeding with respect to the Property, including, but not limited to, such limitations

3 contained in Title 18, United States Code, Sections 924(d)(1) and 983 and Title 19, United States

4 Code, Section 1621. Defendant agrees to consent promptly upon request to the entry of any

5 orders deemed necessary by the Government or the Court to complete the forfeiture and

6 disposition of the Property. Defendant waives the requirements of Federal Rules of Criminal

7 Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument,

8 announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the

9 forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of the

10 Property, if the Government elects to conduct the forfeiture criminally, will be part of the

11 sentence imposed upon Defendant in this case and waives any failure by the Court to advise

12 Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change

13 of-plea hearing. Pursuant to Rule 32.2(b)(3), Defendant will promptly consent to the preliminary

14 order of forfeiture's becoming final as to Defendant before sentencing if requested by the

15 Government to do so.

16     Defendant hereby waives, and agrees to hold the United States and its agents and

17 employees harmless from, any and all claims whatsoever in connection with the seizure,

18 forfeiture, and disposal of the Property. Defendant waives all constitutional and statutory

19 challenges of any kind to any forfeiture carried out pursuant to this plea agreement. Without

20 limitation, Defendant understands and agrees that by virtue of his plea of guilty Defendant will

21 waive any rights or cause of action that Defendant might otherwise have had to claim that he is a

22 "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation

23 costs in any related civil forfeiture proceeding pursuant to Title 28, United States Code, Section

24 2465(b)(1).

25     Defendant agrees to fully assist the United States in the forfeiture of the listed assets and

26 to take whatever steps are necessary to pass clear title to the United States, including but not

27 limited to:  surrendering title and executing any documents necessary to effectuate such

28 forfeiture; assisting in bringing any assets located outside the United States within the

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant further agrees to provide a truthful statement regarding all of Defendant's assets and to make a full and complete disclosure of all assets in which Defendant has any interest or over which Defendant exercises control and those which are held or controlled by a nominee(s). Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture.

**9.** **Restitution.** Defendant shall make restitution to the United States Government for any back taxes due and owing as a result of his failure to accurately report income on his 2007 through 2010 tax returns in the amounts to be determined at the time of sentencing with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

**10.** **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offenses.

a.      Beginning in approximately 2004, and continuing until November 2010, the defendant, Roy Alloway, attended gun shows for the purpose of selling firearms. During this same period of time, Alloway purchased firearms for the purpose of selling them at the gun shows. He conducted this activity without a federal firearms license.

b.      On approximately March 10, 2005, Special Agent Brad Devlin of the Bureau of Alcohol, Tobacco, Firearms, and Explosives contacted Troy Wiktorek and the defendant, Roy Alloway, who was then a Bremerton police officer assigned to the West Puget Sound Narcotics

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Task Force, to warn them that they could be violating federal law through their activity of

2  buying and selling guns at the gun shows without a federal firearms license.

3       c.     On approximately September 20, 2005, Alloway received a warning letter from the

4  ATF advising him that selling firearms for a profit violated federal law 18 U.S.C. §

5  922(a)(1)(A).  Subsequently, in November 2006, Alloway and Troy Wiktorek obtained a federal

6  firearms license to sell firearms under the name Renegade Guns and Loans.

7       d.     In approximately early 2007, Alloway ceased his involvement in Renegade Guns

8  and Loans and no longer considered himself part of that business or  the  federal firearms

9  license.

10       e.     After ceasing his association with Renegade Guns and Loans, Alloway continued

11  to purchase firearms from various federal firearms licensees and private individuals.  He took

12  these firearms to various gun shows to sell them.  During this time, Alloway admits that he sold

13  firearms for a profit and did not have a federal firearms license to do so.

14       f.     On July 18, 2009, Alloway attended the Centralia Gun Show, in Centralia,

15  Washington. Alloway was displaying a number of firearms for sale as a private seller. Alloway

16  sold a Springfield Armory, .45 caliber semi-automatic handgun for $450 and one Walther, model

17  P22, .22 caliber handgun for $325.00, to an undercover ATF agent.  Alloway handed the

18  undercover agent his business card, which read "Got Guns?"

19       g.     Subsequent investigation revealed that Alloway purchased the Springfield Armory,

20  .45 caliber handgun on July 9, 2009, for $400.00, nine days before he sold it to the undercover

21  agent.

22       h.     On October 24, 2009, Alloway attended the Puyallup Gun Show, hosted by the

23  Washington Arms Collectors (WAC).  During this show, Alloway sold a Glock model .45

24  caliber, model 21 handgun, for $550.00 to an undercover agent.

25       i.     On November 14, 2009, Alloway again attended the Puyallup Gun Show

26  sponsored by WAC.  At this show, Alloway sold undercover one Keltec model, PLR, 5.56/.223

27  handgun for $550.00 to a undercover agent.

28

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2016 BFY

j.      On November 18, 2009, members of the ATF served a search warrant on
Alloway's residence. At that time they recovered 58 firearms of which approximately 30 had
price tags. During questioning, Alloway admitted that he had intended on taking the firearms
with price tags to the Puyallup Gun Show to sell. The agents also found a ledger which listed
firearms, the price paid, the sales price, and the net profit made from selling the firearms.

k.      A subsequent review of Alloways bank records show that from 2007 through
2010, he made deposits of cash, check, and money orders, into his personal bank account,
totaling approximately $192,000.  During the tax years 2007 through 2010, Alloway filed tax
returns which he acknowledged, in writing, were true and accurate, and made under penalty of
perjury.  However, in these tax returns, Alloway intentionally failed to include the cash, check,
and money order revenue that he made from the sale of firearms during these tax years.
Specifically, on March 8, 2010, Alloway filed electronically his 2009 federal income tax return.
He acknowledged in writing, under the penalty of perjury, that the tax return was true and
accurate.  However, Alloway intentionally did not include the income he made from the sale of
firearms.

**11.     Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement, the
United States Attorney's Office for the Western District of Washington agrees  not to prosecute
Defendant for any additional offenses known to it as of the time of this Agreement that are based
upon evidence in its possession at this time, and that arise out of the conduct giving rise to this
investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute
all of the criminal charges the evidence establishes were committed by Defendant solely because
of the promises made by Defendant in this Agreement.  Defendant agrees, however, that for
purposes of preparing the Presentence Report, the United States Attorney's Office will provide
the United States Probation Office with evidence of all conduct committed by Defendant.

**12.     Acceptance of Responsibility.**  The United States acknowledges that if Defendant
qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a),
and if the offense level is sixteen (16) or greater, his total offense level should be decreased by
three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting
2   the United States to avoid preparing for trial and permitting the Court to allocate its resources
3   efficiently.

4      **13.   Recommendation.** The government agrees to make a recommendation within the
5   applicable sentencing guideline range as determined by the sentencing court. The defendant
6   understands that this recommendation is not binding and if the sentencing court rejects this
7   recommendation, he will not be allowed to withdraw his plea of guilty.

8      **14.   Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant
9   breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and
10  Defendant may be prosecuted for all offenses for which the United States has evidence.
11  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea
12  Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant
13  also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any
14  objection to the re-institution of any charges in the Indictment that were previously dismissed or
15  any additional charges that had not been prosecuted.

16      Defendant further understands that if, after the date of this Agreement, Defendant should
17  engage in illegal conduct, or conduct that is in violation of his conditions of (examples of which
18  include, but are not limited to: obstruction of justice, failure to appear for a court proceeding,
19  criminal conduct while pending sentencing, and false statements to law enforcement agents, the
20  Pretrial Services Officer, Probation Officer, or Court), the United States is free under this
21  Agreement to file additional charges against Defendant or to seek a sentence that takes such
22  conduct into consideration by requesting the Court to apply additional adjustments or
23  enhancements in its Sentencing Guidelines calculations in order to increase the applicable
24  advisory Guidelines range, and/or by seeking an upward departure or variance from the
25  calculated advisory Guidelines range. Under these circumstances, the United States is free to
26  seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded
27  by the terms of the plea agreement.

28

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 12

15.    **Voluntariness of Plea.**  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter  of guilty.

16.    **Statute of Limitations.**  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17.    **Completeness of Agreement.**  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.  This Agreement binds only the United States Attorney's Office for the Western District of  Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this _12_ day of October, 2011.


ROY ALLOWAY
Defendant


ROBERT GOLDSMITH
Attorney for Defendant


BRUCE F. MIYAKE
Assistant United States Attorney


MICHAEL LANG
Assistant United States Attorney

PLEA AGREEMENT/ALLOWAY
Case No. CR11-5233RBL - 13